IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICO CARLOS NEWMAN,

        Petitioner,

    v.

JAMIE MILLER,

        Respondent.

Case No. 2:25-cv-00982-SI

OPINION AND ORDER

Rico Carlos Newman
12397798
Snake River Correctional Institution
Prisoner E-Filer
777 Stanton Blvd
Ontario, OR 97914-8335

      Petitioner, *Pro Se*

Dan Rayfield, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

      Attorneys for Respondent

1 – OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Multnomah County convictions dated April 22, 2013. Because Petitioner failed to timely file this action, the Petition for Writ of Habeas Corpus (#2) is dismissed.

## BACKGROUND

Petitioner is incarcerated within the Oregon Department of Corrections where he is serving a 300-month sentence following his pleas of no contest to three counts of Attempted Aggravated Murder, two counts of Attempted Murder, two counts of Robbery in the First Degree, two counts of Assault in the Second Degree, and one count each of Burglary in the First Degree, Felon in Possession of a Firearm, and Unlawful Use of a Weapon. Respondent's Exhibit 101. He took a direct appeal where he prevailed on a merger issue from his sentencing. Respondent's Exhibit 116. Petitioner then took a second direct appeal where he was not successful and, after the Oregon Supreme Court denied review, the Oregon Court of Appeals entered the direct Appellate Judgment on July 26, 2019. Respondent's Exhibit 123.

Petitioner next filed for post-conviction relief ("PCR") in Marion County on February 7, 2020. The PCR court denied relief on his claims. Respondent's Exhibit 143. The Oregon Court of Appeals affirmed the PCR court's decision in a written opinion, and the Oregon Supreme Court denied review. *Newmann v. Highberger*, 330 Or. App. 229, 543 P.3d 172, *rev. denied,* 372 Or. 588, 553 P.3d 559 (2024). The Oregon Court of Appeals issued the PCR Appellate Judgment on October 29, 2024. Respondent's Exhibit 158. This concluded Petitioner's collateral attack on his convictions.

Even though the PCR Appellate Judgment signified the end of Petitioner's collateral attack on his convictions, he proceeded to file another collateral attack on those same convictions in state

2 – OPINION AND ORDER

court in the form of a habeas corpus case. The State moved to dismiss the case because a prisoner in Oregon can only collaterally attack his conviction in a PCR proceeding, not a state habeas corpus case. Respondent's Exhibit 160. On November 21, 2024, the Malheur County Circuit Court granted the State's Motion. In doing so, it specifically concluded that a state habeas petition was not Petitioner's proper remedy to challenge his convictions. Respondent's Exhibit 161. Despite that clear ruling, Petitioner did not expeditiously attempt to file for federal habeas relief.

Almost seven months after the Malheur County Circuit Court advised Petitioner that he was pursuing an improper habeas remedy in state court, on June 6, 2025, he filed this federal habeas corpus case. Respondent asks the Court to dismiss the case because Petitioner failed to file his federal Petition for Writ of Habeas Corpus within the applicable one-year statute of limitations. Petitioner contends that he was diligent in pursuing this case, and that any failure to timely file the action should be excused.

## **DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996 and provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3 – OPINION AND ORDER

   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The period of direct review referenced in 28 U.S.C. § 2244(d)(1)(A) also includes the 90-day period within which a petitioner can file a petition for writ of *certiorari* with the United States Supreme Court, whether or not he actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). If a litigant files a PCR action following the conclusion of his direct review, so long as the PCR case is "properly filed," the time during which it and subsequent PCR appeals remain pending "shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). State court direct or collateral review concludes as of the last date for seeking any further review in state court, not the date the appellate judgment issues. *Melville v. Shinn*, 68 F.4th 1154, 1160-61 (9th Cir. 2023).

Applying the foregoing to Petitioner's case, the AEDPA's one-year statute of limitations did not begin to run until September 18, 2019, the date on which the 90-day period for petitioning the U.S. Supreme Court for certiorari expired. When Petitioner filed his PCR Petition on February 7, 2020, 142 untolled days had elapsed. Petitioner's PCR proceedings statutorily tolled the AEDPA's statute of limitations until August 1, 2024, after the PCR proceedings concluded (including the passage of the 14 days allowed by ORAP 9.25(1) in which to seek reconsideration).  The filing of Petitioner's state habeas Petition did not trigger any tolling because it did not constitute a proper filing in state court. *See* Respondent's Exhibit 161; *see also* 28 U.S.C. 2244(d)(2). As a result, the one-year statute of limitations ran unabated until Petitioner filed this federal habeas case on June 6, 2025. Thus, Petitioner allowed another 309 untolled days to elapse for a total of 451 days, placing him outside of the allowable 365-day AEDPA window.

Petitioner asks the Court to excuse his untimely filing for a number of reasons. He first argues that Respondent's briefing is not in accord with Fed. R. Civ. P. 8, but the Court finds Respondent's briefing to be in compliance with all Federal Rules of Civil Procedure. Petitioner also states that although he asked the Chief Deputy Clerk of Court to identify the precise date by which he must file a federal habeas case, the Chief Deputy Clerk did not provide him with that information. Although Petitioner contends that such an omission was the cause of his untimely fling, it is not the role of anyone in the Clerk's Office to provide litigants with advice or guidance pertaining to statute of limitations calculations.

Petitioner also claims that, pursuant to 28 U.S.C. 2244(d)(1)(C), the statute of limitations should not have started until the Supreme Court decided *Ramos v. Louisiana*, 140 S.Ct. 1390, 1397 (2020). In *Ramos,* the Supreme Court recognized that a criminal defendant's Sixth Amendment right to a jury trial encompasses a requirement that the jury's decision be unanimous. Petitioner asserts that *Ramos* applies retroactively to federal habeas cases but, on May 17, 2021, the Supreme Court specifically held that *Ramos* does not apply retroactively to cases on collateral review. *Edwards v. Vannoy,* 141 S.Ct. 1547 (2021). Even if that were not the case, *Ramos* is inapplicable to this case because Petitioner's convictions arose in the plea context such that none was the result of a non-unanimous jury verdict.

Petitioner next contends that he does not have the legal knowledge required to comply with the AEDPA's statute of limitations, thus the Court should equitably toll the limitations period. Equitable tolling is available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v.*

5 – OPINION AND ORDER

*DiGuglielmo*, 544 U.S. 408, 418 (2005). The "'extraordinary circumstances beyond a prisoner's control [must] make it impossible to file a petition on time.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)).

Petitioner's lack of legal sophistication is not an extraordinary circumstance that warrants equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Although he also asserts that he was the victim of ineffective assistance of counsel in his state court proceedings, not only does he makes only conclusory allegations in this regard that do not specifically describe how any particular error directly impacted his ability to timely file this case, but a lawyer's mistakes which cause a litigant to miss a filing deadline generally do not support equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). Moreover, equitable tolling applies only where a litigant has been diligently pursuing his rights. Here, despite knowing that the state habeas remedy was not available to him, Petitioner proceeded to wait almost seven months before filing for federal habeas corpus relief. This does not constitute reasonable diligence in attempting to meet the AEDPA's one-year statute of limitations. Equitable tolling is therefore not appropriate.

Petitioner also maintains that applying a one-year statute of limitations to habeas corpus cases amounts to an unconstitutional suspension of the writ, but the Ninth Circuit has foreclosed this argument. *See Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). He also asks Court to excuse his untimely filing under *Martinez v. Ryan*, 566 U.S. 1 (2012). However, *Martinez* establishes a procedure whereby a habeas corpus petitioner can potentially excuse his failure to fairly present an issue to a state's highest court so as to preserve it for federal habeas review; it is inapplicable to a statute of limitations inquiry.

Petitioner next asks the Court to excuse his untimely filing because he can make a gateway showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (allowing

6 – OPINION AND ORDER

habeas petitioners to excuse an untimely filing through a showing of actual innocence). In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural deficiency in a habeas case. The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence-–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–-that was not presented at trial." *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 1665 (2001). Ultimately, a petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040. In making this determination, this Court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332.

Petitioner has not identified any new evidence of his innocence, let alone new evidence of his innocence that is so strong that no reasonable juror would have convicted him of the crimes to which he pled no contest. Although Petitioner asks the Court to conduct an evidentiary hearing to help him establish his innocence, he fails to describe what "an evidentiary hearing might reveal of material import on his assertion of actual innocence." *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002). The request for an evidentiary hearing is therefore denied. Because Petitioner has failed to excuse his untimely filing, his Petition is dismissed.

///

///

///

///

7 – OPINION AND ORDER

**CONCLUSION**

The Petition for Writ of Habeas Corpus (#2) is dismissed on the basis that it is untimely.

The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made

a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

April 23, 2026
DATE

Michael H. Simon
United States District Judge

8 – OPINION AND ORDER